**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EFRAIN TAPIA,<br><br>        PLAINTIFF,<br><br>v.<br><br>WOOSUNG AUTOCON CO., LTD., WSA USA, LLC, an Ohio limited liability company, and HAMPTON INDUSTRIAL SERVICES, INC., an Indiana corporation,<br><br>        Defendant. | Civil Action No.:<br><br>formerly Circuit Court of Cook County, Illinois – Case No. 2022-L-004927 |

**NOTICE OF REMOVAL**

## I. STATEMENT OF THE CASE

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendant WSA USA, LLC gives notice of removal of the above-captioned matter from the Circuit Court of Cook County, State of Illinois, County Department, Law Division. In support, Defendant WSA USA states:

    1.    On June 2, 2022, Plaintiff Efrain Tapia commenced an action in the Circuit Court of Cook County, State of Illinois, County Department, Law Division styled *EFRAIN TAPIA, v. WOOSUNG AUTOCON CO., LTD., WSA USA, LLC, an Ohio limited liability company, and HAMPTON INDUSTRIAL SERVICES, INC., an Indiana corporation,* Case No. 2022-L-004927 (the "State Court Action").

    2.    This case arises from an alleged incident wherein, on or about June 30, 2020, during his employment at Welch Packaging Group, Inc., Plaintiff used the Woosung Autocon Dual Inverter Prefeeder ("prefeeder machine") to feed sheets of corrugated to an Isowa Flexo Folder

Gluer ("folder gluer machine").

3. As sheets of corrugated were being conveyed to the folder gluer machine, the corrugated sheets stopped flowing to the folder glue machine.

4. When the sheets of corrugated stopped flowing, Plaintiff entered the fenced area of the prefeeder machine through a large rectangular opening at the bottom of the fence and attempted to dislodge the stuck sheets of corrugated from the prefeeder machine.

5. While attempting to dislodge the sheets of corrugated, Plaintiff's hand entered the machine and became stuck in the prefeeder machine.

6. As a result of the alleged incident, Plaintiff asserts causes of action rooted in strict product liability and negligence against Woosung Autocon Co., Ltd. ("Woosung Autocon"), WSA USA, and Hampton Industrial Services, Inc ("Hampton Industrial") (collectively "Defendants").

## II. REMOVAL IS TIMELY

7. Pursuant to 28 U.S.C. § 1446(b),

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

8. Defendant WSA USA has not been properly served with the summons or Complaint in the State Court Action under 805 ILCS 180/1-50 or 735 ILCS § 5/2-204.

9. Therefore, it has been less than thirty days since Defendant WSA received "through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *See* 28 U.S.C. § 1446(b).

10. Removal is therefore timely, in accordance with 28 U.S.C. § 1446(b).

**III. CONSENT TO REMOVAL**

11. "When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." See 28 U.S.C. §1446 (b)(2)(A) (emphasis added).

12. Because Defendant WSA USA has not been "properly joined and served," consent to removal is not required.

13. To the extent Defendant WSA USA's consent to removal is required, Defendant WSA USA hereby consents to removal without admitting that it has been "properly joined and served" in the State Court Action.

**IV. DIVERSITY OF CITIZENSHIP EXISTS AMONG THE PARTIES**

14. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants Woosung Autocon, WSA USA, and Hampton Industrial and there is a "reasonable probability" that more than $75,000 is at stake. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997).

15. "[L]imited liability companies are citizens of every state of which any member is a citizen." *See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003).

16. Plaintiff is a citizen of Illinois.

17. Defendant Woosung Autocon is a Korean company whose principal place of business is in Siheung City, Gyenonggi-Do, Republic of Korea. Defendant Woosung Autocon is therefore a citizen of Korea.

18. Defendant WSA USA is an Ohio limited liability company, with all four of its

members—James McLaughlin, Michael Goettsch, Andy Goettsch, and Sandy Goettsch—being citizens of Ohio whose principal place of business is in Cincinnati, Ohio. Defendant WSA USA is therefore a citizen of Ohio.

19. Defendant Hampton Industrial is an Indiana corporation whose principal place of business is in Elkhart, Indiana. Defendant Hampton Industrial is therefore a citizen of Indiana.

20. Because Defendants Woosung Autocon, WSA USA, and Hampton Industrial are not citizens of the same state as Plaintiff, there is complete diversity between Plaintiff and Defendants.

## V.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

21. Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* 28 U.S.C. § 1332(a).

22. Although Plaintiff requests unspecified compensatory damages, as well as costs, the Complaint demonstrates a "reasonable probability" that the amount in controversy exceeds $75,000. *See McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) ("Indeed, courts have routinely held that when Plaintiff allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the Plaintiff' damages exceeded the jurisdictional amount.").

23. Ultimately, the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## VI.    ALL REMAINING PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

24. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the State Court Action is to be filed with this Notice

of Removal. To date, no such process, pleadings, and orders filed in the State Court Action are in Defendant WSA USA's possession.

25. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Northern District of Illinois is the federal judicial district embracing the Circuit Court for Cook County, Illinois where the State Court Action was originally filed.

26. In accordance with 28 U.S.C. 1446(d), a Notice of Filing Notice of Removal is being electronically filed with the state court (Cook County, Law District I, Chicago), with a copy of the same to be served upon Plaintiff. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit 1**.

## VII. CONCLUSION

The requirements for diversity jurisdiction are satisfied, and removal is therefore appropriate. By this Notice of Removal, Defendant WSA USA does not waive any objections they may have as to service, jurisdiction, and allegations made in the Complaint, and otherwise preserves all defenses to this action. Any admissions of fact or law contained herein are made solely for purposes of this Notice, and Defendant WSA USA expressly reserves the right to object to usage of said admissions in future pleadings, motions, and/or argument by Plaintiff or any other party to this action.

Dated this 18th day of July 2022.

/s/Zachary G. Shook_____

**EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Notice of Filing Notice of Removal |

## **CERTIFICATE OF SERVICE**

I certify that on July 18, 2022, I filed the foregoing **NOTICE OF REMOVAL** electronically through the CM/ECF system, as well as e-mailed a copy, and sent a copy via U.S. Mail on this day to the following:

Charles P. Romaker
Fernando M. Bustamante
THE ROMAKER LAW FIRM
211 West Wacker Drive, Suite 1450
Chicago, Illinois 60606
(312) 377-7000
fbustamante@romakerlaw.com
Attorney for Plaintiff

**SO CERTIFIED**, this 18th day of July, 2022.

/s/Zachary G. Shook
Zachary G. Shook, Esq.
Bar No. 6305057
Scott Pfeiffer
Bar No. 6272869
Cray Huber Horstman Heil & VanAusdal LLC
*Attorneys for Defendant WSA USA, LLC*